UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:99-HC-856- BO

FILED
NOV 27 2000
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

MONTOYAE DONTAE SHARPE, )
    Petitioner, )
     )
v. )
     )
MICHAEL T. W. BELL, )
    Respondent. )

## MEMORANDUM IN RESPONSE TO RESPONDENTS' RESPONSE TO NEW ALLEGATIONS RAISED IN THE EVIDENTIARY HEARING

NOW COMES PETITIONER, by and through undersigned counsel, and makes the following response to Respondents' November 6, 2000, filing regarding new allegations raised in the evidentiary hearing.

At the October 17, 2000, evidentiary hearing, Petitioner presented three witnesses to support his claim that he received ineffective assistance of counsel. The first witness was Tracy Highsmith, who described what her testimony would have been if she had been allowed to testify at trial. Second, attorney Thomas Manning of Raleigh testified that trial counsel's representation of Petitioner was deficient because he failed to cite the proper hearsay exception, which would have permitted the jury to hear Highsmith's testimony. Finally, Dearil Powell testified that he saw a person named Damien Smith commit the murder of George Radcliffe. The testimony of other witnesses were postponed until this Court reconvened.

In their Response, Respondents reassert their position that Petitioner's claim of ineffective assistance of counsel should be deemed procedurally barred. They further contend

1

that Dearil Powell's testimony should not be admitted because, to the extent that such testimony represents a new claim of actual innocence, such a claim is neither exhausted, nor is it cognizable in federal habeas corpus. Significantly, however, Respondents apparently acknowledge that such testimony can be used to demonstrate the existence of a fundamental miscarriage of justice.

## ARGUMENT

A. Petitioner's Ineffective Assistance of Counsel Claim Should Not Be Procedurally Barred

Petitioner's claim of ineffective assistance of counsel should not be procedurally barred. A state criminal defendant's federal claim is procedurally defaulted *only* if the state courts denied relief based on a failure to follow a state procedural rule and the state procedural rule is "independent of the federal question and adequate to support its judgment." *Coleman v. Thompson*, 501 U.S. 722 (1991). To be "adequate," a state rule must be "regularly and consistently applied by the state court," *Meadows v. Legursky*, 904 F.2d 903, 906 (4th Cir.), *cert. denied*, 498 U.S. 986 (1990), and "clearly announced to defendant and counsel." *Henry v. Mississippi*, 379 U.S. 443, 448 n.3 (1965).

Respondents contend that the procedural bar found by Judge Duke should be applied to Petitioner's habeas petition because the facts surrounding his claim of ineffective assistance of counsel were in the record and could have been brought on direct appeal. However, this contention is not supported by North Carolina law. The Supreme Court of North Carolina has often stated that a motion for appropriate relief is the more appropriate vehicle for asserting an ineffective assistance of counsel claim than a direct appeal, and has encouraged ineffective assistance claims to be raised in such motions. *See State v. Vickers*, 306 N.C. 90, 291 S.E.2d 599, 603 (1982)(an ineffective assistance of counsel claim more appropriately should be raised in a post-conviction hearing where evidence can be presented to determine why counsel chose to

2

proceed as he did); *State v. Taylor*, 327 N.C 147, 393 S.E.2d 801 (1990) (ineffective assistance claim not raised on direct appeal but in subsequent motion for appropriate relief); *State v. Jordan*, 321 N.C. 714, 365 S.E.2d 617 (1988); *State v. Milano*, 297 N.C. 485, 496, 256 S.E.2d 154, 160 (1979) (ineffective representation claims are raised in post-conviction proceedings so that the defendant may be granted a hearing on the matter with the opportunity to introduce evidence necessary to a determination of the claims). Thus, under North Carolina appellate decisions, Petitioner is admonished to bring his claim of ineffective assistance on post conviction review. Because the rule applied by Judge Duke is not "regularly and consistently applied by the state courts," review of Petitioner's claim of ineffective assistance of counsel by this Court is not precluded.

B. Even if This Court Applies a Procedural Bar, Failure to Consider Petitioner's Claim Will Result in a Fundamental Miscarriage of Justice

Even if this Court decides that Petitioner's ineffective assistance of counsel claim would ordinarily be procedurally barred, such a procedural bar can be overcome in circumstances where the failure to consider such a claim will result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons, *see McCleskey v. Zant*, 111 S.Ct. 1454, 1474, and acts as a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.

Petitioner's evidence is sufficient to satisfy the "fundamental miscarriage of justice" exception to procedural bar. First, the trial evidence against Petitioner was extremely weak. There was no physical evidence whatsoever linking him to this crime. Petitioner was convicted

3

solely on the testimony of two witnesses who have since recanted their testimony. Furthermore, Petitioner has now produced his own witness, Dearil Powell, who testified that he saw somebody else commit the crime. Dearil Powell's testimony is also consistent with that of Tracy Highsmith, who placed the person Dearil Powell saw commit the crime in the area at the time of the murder.

Respondents have admitted that evidence of actual innocence can create a showing of miscarriage of justice, and can be presented to overcome a procedural bar. *Herrera v. Collins*, 506 U.S. 390 (1993). Petitioner's evidence, including the testimony of Dearil Powell, serves to make such a showing. Whether this evidence is reliable presents a credibility determination for the Court, but is not a factor in determining the admissibility of Dearil Powell's testimony. Respondents will have the opportunity to cross examine Mr. Powell when this Court reconvenes the evidentiary hearing. Mr. Powell's testimony is essential to the administration of justice in this case and should go forward.

C. Dearil Powell's Testimony is Also Important to the Determination of the Ineffective Assistance of Counsel Claim

In addition to the importance of Dearil Powell's testimony to the fundamental miscarriage of justice issue, his testimony is also relevant to Petitioner's ineffective assistance of counsel claim. In order to establish that counsel's performance was deficient, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

Tracy Highsmith testified at Petitioner's trial that her former boyfriend, Damien Smith, confessed to a murder identical to, and occurring at the same time as, the murder for which Petitioner was convicted. Shortly after the crime, Smith told Highsmith that he had shot a white

4

man sitting in a truck, he admitted to having robbed and killed the man, and he said he would kill himself before going to jail for killing a white man. Twenty-seven days after the murder, Smith committed suicide by shooting himself in the head.

The unavailable declarant confessed to first degree murder and robbery with a dangerous weapon. A reasonably competent attorney would have utilized the hearsay exception for declaration against penal interest to have Highsmith's testimony heard by the jury. The statute provides:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible in a criminal case unless corroborating circumstances indicate the trustworthiness of the statement.

N.C. Gen. Stat. 8C-1, Rule 804(b)(3)(1992).

As Attorney Manning testified, competent attorney would have considered, argued, and urged this exception to the trial judge as the most applicable to the situation. The words of the unavailable declarant to the effect that he "would kill himself before he would go to jail" should have directed trial counsel to this exception to the hearsay rule. Petitioner's trial counsel failed to recognize and argue to the trial court the only viable exception to the hearsay rule which would have allowed this critical evidence to be considered by the jury, and this failure was objectively unreasonable.

Once a statement is deemed to be against the declarant's penal interest, the trial judge must be satisfied that corroborating circumstances clearly indicate the trustworthiness of the statement. N.C.Gen.Stat. § 8C-1, Rule 804(b)(3). Thus, in order to prevail on this exception, trial counsel would have been required to present corroborating evidence to demonstrate the trustworthiness of the statement. Petitioner is prepared to present evidence on the trustworthiness of Highsmith's

5

statement when the evidentiary hearing reconvenes. In addition to the eyewitness testimony that someone other that Petitioner committed the murder, Dearil Powell's statement provides corroboration of the trustworthiness of Highsmith's testimony as well. Respondents will have the opportunity to cross examine Mr. Powell when this Court reconvenes.

Dearil Powell's testimony is also needed to demonstrate the level of prejudice Petitioner suffered due to his counsel's ineffectiveness. There is already an ample amount of prejudice that can be demonstrated in this case. The evidence against Petitioner, by any objective assessment, was extremely weak. It hinged upon the credibility of two highly suspect witnesses, both of whom have since recanted their trial testimony. There was no physical evidence that linked Petitioner to the crime, and Petitioner offered credible alibi evidence. Because of the error of Petitioner's trial counsel, the jury was not allowed to hear the evidence of an unbiased witness who would have testified that another person confessed to having committing the crime for which Petitioner is incarcerated, or the corroborating evidence that would have been presented along with that witness. The impact on the jury of such evidence, given the weakness of the evidence against Petitioner, would have furnished them with more than a reasonable doubt of Petitioner's guilt and would have been sufficient to undermine confidence in the jury's verdict. Further, if the trial attorney had utilized the correct exception to the hearsay rule, he would have looked for and presented the needed corroborating information, such as the corroborating evidence from Dearil Powell, which is required for that exception under the statute. When this Court reconvenes, Petitioner will present corroborating evidence in addition to the testimony of Dearil Powell, which could have been presented if trial counsel had used the proper hearsay exception.

## CONCLUSION

For the reasons stated above, Petitioner respectfully requests that this Court consider the

6

Case 5:99-hc-00856-BO   Document 25   Filed 11/27/00   Page 6 of 7

testimony of Dearil Powell both as part of his fundamental miscarriage of justice claim and as part of his ineffective assistance of counsel claim.

Respectfully submitted this 27th day of November, 2000.

Kristin D. Parks
N.C. State Bar No. 22243
N.C. Prisoner Legal Services, Inc.
Post Office Box 25397
Raleigh, North Carolina 27611
(919) 856-2200

Chana M. Dorrough
N.C. State Bar No. 23336
N.C. Prisoner Legal Services, Inc.
Post Office Box 25397
Raleigh, North Carolina 27611
(919) 856-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Petitioner's Response to Respondent's Response to new allegations raised in the evidentiary hearing has this day been served by first class mail upon the following counsel:

> Diane A. Reeves
> Assistant Attorney General
> Post Office Box 629
> Raleigh, North Carolina 27602

This the 27th day of November, 2000.

Kristin D. Parks