IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:99-HC-856-BO

| | | |
|---|---|---|
| MONTOYAE DONTAE SHARPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL T. W. BELL, | ) | RESPONSE TO PETITION |
| | ) | TO COMPEL |
| Respondent. | ) | FURTHER EVIDENTIARY HEARINGS |

COME NOW THE RESPONDENTS[1] by and through the undersigned Assistant Attorney General and make the following Response to the Petitioner's Petition to Compel Further Evidentiary Proceedings:

1. As stated in earlier responsive pleadings in this habeas matter, the Petitioner's claim that there is new evidence of his actual innocence has merit, if it has any at all, as a substantive claim, only in state court. N.C.G.S. §15A-1415(c) ("[A] defendant at any time after verdict may by a motion for appropriate relief, raise the ground that evidence is available which was unknown or unavailable to the defendant at the time of

---

[1] The Petition to Compel names two Respondents, Diane A. Reeves, the undersigned Assistant Attorney General, and the Honorable Russell W. Duke, Senior Resident Superior Court Judge, Pitt County, in addition to those named in the original petition for habeas corpus in this matter. For the purposes of this Response only, their answer to this Petition is included in the representations made here. However, if further proceedings are required or follow from this proceeding, the Respondents have no intention by so answering, of waiving any appropriate objection to be made that the two new Respondents are not proper parties in this lawsuit, and have not been parties heretofore.

trial, which could not with due diligence have been discovered or made available at that time, ... and which has a direct and material bearing upon the defendant's elibibility for the death penalty or the defendant's guilt or innocence." In contrast, in a federal habeas court, a claim of actual innocence is only relevant to the question of whether it may possibly excuse a procedural default of some other substantive claim, and is referred to as a procedural claim of actual innocence. A claim of actual innocence is not a stand-alone, cognizable habeas claim in and of itself. *Hererra v. Collins*, 506 U.S. 390 (1993); *Schlup v. Delo*, 513 U.S. 298 (1995).

2.   As N.C.G.S. §15A-1415 states, actual innocence is a ground for relief to be pled <u>by the Defendant</u>, who therefore has the burden of going forward with making such a motion in state court. There are a very few, limited circumstances under which the State is authorized to move for appropriate relief; none of which are applicable here. N.C.G.S. §15A-1416. Consequently, there is no legally authorized action the Respondent(s) can take which is relevant to this situation.

3.   This Court having previously found, as described in its March 12, 2001 Order, that the claim for relief based upon the

Petitioner's allegations that his trial counsel was ineffective is procedurally barred, and having denied that claim on that basis, and having found other claims were non-exhausted, this proceeding has been completed in this Court. Although the Court's Order used the words "remanded to state court", it is understood that that means any further action and claim for relief must be initiated and exhausted in the state courts. *See, e.g., Rose v. Lee*, ___ F.3d ___, ___ n.11, 2001 U.S. App. Lexis 10698 (4th Cir. 2001) ("While federal habeas courts often use the language of 'remand', as a technical matter, we do not believe that a federal habeas court can 'remand' a case to a state habeas court."). *See also, Billiot v. Puckett*, 135 F.3d 311, 316 n.5 (5th Cir. 1998).

4. Because any further action in state court on these subjects can only be initiated in state court by the Defendant/Petitioner, and the relief sought in this new Petition is not available as a matter of law, the Petition should be summarily denied.

5. Wherefore, the Respondents' request that the Court order that this Petition is denied.

Respectfully submitted this the **20th** day of June, 2001.

                                 Roy Cooper
                             ATTORNEY GENRAL

                             Diane A. Reeves
                       Assistant Attorney General
                           State Bar No. 8860
                          Post Office Box 629
                 Raleigh, North Carolina 27602
                            (919) 716-6500

PROOF OF SERVICE

I HEREBY CERTIFY that on **June 20, 2001** a copy of the foregoing **Response** was mailed, postage prepaid, to the attorney of the Petitioner, Montoyae Dontae Sharpe, and to the Petitioner himself:

Kristin D. Parks
N. C. State Bar No. 22243
North Carolina Prisoner Legal Services, Inc.
P. O. Box 25397
Raleigh, North Carolina 27611

Petitioner, Montoya D. Sharpe
Burgaw Correctional Center
P.O. Box 1058
Burgaw, North Carolina 28425

Diane A. Reeves
Assistant Attorney General